**FILED**
**May 11, 2021**
**02:43 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Charisse Bradford,** | ) | **Docket No. 2020-06-1525** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Western Express, Inc.,** | ) | **State File No. 66478-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **PMA Insurance Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

In this case, Charisse Bradford, a truck driver, alleged she turned a crank forcefully and woke up in pain the next day. Western Express countered that she only reported an injury from sleeping, did not report turning the crank and suffered no acute trauma. It also argued that the injury did not arise primarily from employment.

The Court held an expedited hearing on May 5 on Ms. Bradford's request for additional medical and temporary disability benefits. The Court finds Ms. Bradford is likely to prove at trial that she suffered an injury arising primarily from employment. She is entitled to a panel of orthopedic specialists and three days of temporary disability benefits.[1]

### Claim History

Ms. Bradford testified that, approximately two months after she began working for Western Express, she became injured. She stated, "While I was dropping a load in Maryland, I used excessive force to turn the crank, because the landing gear was severely rusted." It was near the end of a twelve-hour day and she was tired, so Ms. Bradford slept

---

[1] Ms. Bradford also sought reimbursement for mileage for authorized medical visits, which Western Express agreed to pay.

1

in the truck. The next morning, May 20, 2020, she awoke with pain in her head, neck, back and hip after sleeping on a mattress that did not fit the space in the cab.

Notably, her pleadings do not mention sleeping. Rather, Ms. Bradford wrote on her petition for benefit determination that she became injured while "[m]anually lowering the landing gear on the tractor trailer to disconnect trailer and drop the load." Her affidavit similarly states, "[W]hile attempting to manually lower the severally rusted landing gear, I used excessive force to turn the crank causing severe injuries to my neck, back and hip."

Ms. Bradford reported the injury the same day to Western Express's claims manager, Judy Larson. Ms. Larson testified by affidavit that Western Express maintains a "standard panel of occupational medicine clinics which is prominently displayed at each driver terminal" and that Ms. Bradford selected Concentra. Ms. Bradford confirmed that Ms. Larson read three providers over the phone, and she chose Concentra. Western Express did not introduce a signed panel.

Ms. Bradford saw a variety of Concentra providers over the next few days.[2] First, she saw physician assistant Robert Jordan on May 22, who diagnosed a headache and cervical, thoracic and lumbar strains and took her off work. Later, another provider restricted her to light duty and referred her to physical therapy. At the first session, the physical therapist wrote, "[R]eports repetitive use of crank on truck and sleeping in a poor position in the truck caused significant pain in [c]ervical, lumbar spine." Ms. Bradford returned to Mr. Jordan, who removed the work restrictions, on June 1.

That same day, Western Express denied the claim, citing "[n]o injury by accident occurring within the course and scope."

Over nine months later, Ms. Bradford saw Dr. Sean Lotterer, a chiropractor, who completed a form C-32. He wrote that the mechanism of injury was "forceful lifting and turning." Per Dr. Lotterer, the injury involved an aggravation of a preexisting injury, and he answered "yes" to questions asking whether her employment activity, more likely than not, was primarily responsible for advancing the preexisting condition and causing her need for treatment. In a letter attached to the form, Dr. Lotterer wrote that Ms. Bradford told him she "was injured on the job on May 19, 2020, while forcefully turning a crank on her truck," and he concluded it is "very likely that this injury was the cause of her subjective complaints." Dr. Lotterer recommended treatment, which Ms. Bradford could not afford.

---

[2] Ms. Bradford testified that Dr. Joseph Lavori was her primary caregiver at Concentra, but she introduced no records of his treatment. She alleged that Concentra "altered" the records, or that records were lost in the mail. Ms. Bradford introduced records showing that Dr. Lavori referred her for x-rays but no other records of his treatment. No evidence suggested that Concentra providers or record custodians altered any documents in any substantive way.

Ms. Bradford testified that Western Express never paid her for time off from work or temporary disability benefits, nor did it offer light-duty. She has not worked since the alleged injury but said Western Express never terminated her.

Western Express offered three affidavits/declarations to support its denial: claims manager Larson, claims adjuster Kathy Ballinger, and physician assistant Jordan.

Ms. Larson stated that Ms. Bradford called her "to report that she woke up with pain in her neck and back that may have been from sleeping on the bunk mattress the two previous nights." Her affidavit additionally stated that at no time did Ms. Bradford "report" that she became injured from lowering landing gear on a trailer, nor did she "report to me that she had an acute injury of any kind."

For her part, Ms. Ballinger obtained a recorded statement. When she asked Ms. Bradford how she became injured, Ms. Bradford responded, "I woke up, the bed, sleeping accommodations were not good, the bed was too big for the bunk so it had me sleeping on a slant and when I woke up that morning at 5:30 a.m. my back and my neck, I was just in pain[.]" According to Ms. Ballinger, no other mechanism of injury was "reported" to her.

In his declaration, the physician assistant, Mr. Jordan, cited these notations from the first visit: "'several days of pain in her neck, upper and lower back with left leg pain. . . . Woke up that way. States bed in truck may have been the cause.' Ms. Bradford did not report a specific event of trauma but rather, that she woke up with the pain she was experiencing." He then concluded, "In light of the fact that there was not a specific work-related event causing Ms. Bradford's pain, I cannot state within a reasonable degree of medical certainty, considering all causes, that Ms. Bradford's pain was related to her employment activity as opposed to a pre-existing condition." Mr. Jordan acknowledged that her work "may have aggravated a pre-existing condition, [but] the absence of a specific event of trauma disallows me from being able to state that the complaints I saw her for were 51% or more related to her employment activity."

**Findings of Fact and Conclusions of Law**

Ms. Bradford must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Specifically, she must show that her alleged injuries arose primarily out of and in the course and scope of her employment and are identifiable by time and place of occurrence. *See* Tenn. Code Ann. § 50-6-102(14)(A).

Here, Ms. Bradford repeatedly testified that she forcefully turned a crank to lower severely rusted landing gear *and* that she awoke in pain the next day after sleeping in her truck. Western Express offered no direct proof showing she did not turn the crank. Rather,

3

the affidavit/declarations stated that Ms. Bradford did not "report" an injury from lowering landing gear or an acute trauma.

Importantly, this is not evidence that Ms. Bradford did not lower the landing gear; it merely proves that she did not *report* that to Ms. Larson, Ms. Ballinger or Mr. Jordan. Their testimony, conveyed via an affidavit or declarations using similar language, did not give Ms. Bradford the opportunity to cross-examine them.[3]  Moreover, the note from the physical therapist that Ms. Bradford reported "repetitive use of crank on truck and sleeping in a poor position in the truck caused significant pain" bolsters Ms. Bradford's testimony. The physical therapist made that note before the denial−undercutting Western Express's argument that Ms. Bradford "changed her story."

Western Express also contended that sleeping is not "trauma."  This overlooks the Supreme Court Panel decision in *Sepulveda v. Western Express, Inc.,* No. M2007-00121-WC-R3-WC, 2008 Tenn. LEXIS 189, at *11 (Tenn. Workers' Comp. Panel Mar. 31, 2008). There, the Panel concluded that a truck driver was a "traveling employee," and "[t]he nature of his job as a driver was such that the activity of sleeping in the cab of his truck was a regular incident of his employment."  The case is directly on-point.

In sum, the Court credits Ms. Bradford's live testimony over the affidavit and declarations.  Ms. Bradford never wavered about the events of May 19-20 despite rigorous cross-examination.  The Court finds Ms. Bradford turned a crank to lower the landing gear and awoke in pain the next day.  Thus, the Court holds Ms. Bradford is likely to prove a specific incident, identifiable by time and place, at a hearing on the merits.

Next, Western Express argued that Ms. Bradford did not show she suffered an injury arising primarily out of the course and scope of employment.  Specifically, she must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."  "Shown to a reasonable degree of medical certainty" means that, "in the opinion *of the treating physician,* it is more likely than not considering all causes[.]" *See* Tenn. Code Ann. § 50-6-102(14)(C)-(D) (Emphasis added).

Ms. Bradford introduced Dr. Lotterer's C-32 testimony and letter to satisfy the above definition of "injury."  Dr. Lotterer wrote on the form that her employment more likely than not was primarily responsible for advancing the preexisting condition and causing her need for treatment.  In the letter, he wrote that she told him she "was injured on the job on May 19, 2020, while forcefully turning a crank on her truck" and that it was "very likely that this injury was the cause of her subjective complaints."  Dr. Lotterer's opinion is clear on this point: Ms. Bradford's work advanced her preexisting injury and caused a need for treatment.

---

[3] The Court did not consider the hearsay or argument in the affidavits and declarations.

In contrast, Western Express relied on the opinion of Mr. Jordan, a physician assistant. The Bureau's rules state that physician assistants may "provide medical treatment ordered by an attending physician." But "only the *supervising physician . . .* may determine medical causation regarding the injury[.]" Tenn. Comp. R. and Regs 0800.02.01.-06(7) (May 2018) (Emphasis added).[4] Therefore, Mr. Jordan cannot give a causation opinion.

As to the requested relief, Tennessee Code Annotated section 50-6-204(a)(1)(A) requires an employer to provide, free of charge to the employee, medical treatment made reasonably necessary by a work accident. Western Express never gave Ms. Bradford a panel form for her to choose a physician. Its practice of posting a list of three providers in the workplace for all employees does not comply with Tennessee Compilation Rules and Regulations 0800-02.01-.06. So, the Court orders Western Express to offer a panel of three independent, reputable orthopedic specialists as required under the statute, using Form C-42 as contemplated in the Bureau's rules, for Ms. Bradford to choose a treating physician. The Court also refers this case to the Compliance Program for consideration of a penalty; *see* Tenn. Comp. R. and Regs. 0800-02-01-.06(2).

Finally, as for Ms. Bradford's request for temporary disability benefits, she must show: 1) she became disabled from working due to a compensable injury; (2) a causal connection between the injury and her inability to work; and (3) the duration of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

On this record, the Court holds that Ms. Bradford is likely to show that she became disabled due to a compensable injury and that a causal connection exists between her injury and inability to work. As to the duration of disability, she became injured on May 20 and was off work or placed on restricted duty without accommodation beginning May 22 through June 1. Tennessee Code Annotated section 50-6-205(a) states that no compensation is allowed for the first seven days of disability resulting from the injury, excluding the day of injury. Therefore, Ms. Bradford is owed compensation for three days.

Ms. Bradford disputed the compensation rate on the wage statement. She testified that she earned $400 weekly as a trainee but offered no documentary evidence. The Court finds the wage statement accurate and that she earned $124 per week. This amount is less than the minimum weekly benefit, so Ms. Bradford is entitled to three days' compensation at the weekly minimum rate ($144.00), for a total of $61.71 in temporary disability benefits.

---

[4] Further, Mr. Jordan based his opinion on the belief that Ms. Bradford became injured while sleeping, which he did not characterize as a "trauma." By reaching this conclusion, Mr. Jordan has essentially decided facts. That is this Court's role, not a medical provider's.

**IT IS, THEREFORE, ORDERED** as follows:

1. Western Express must offer a panel of three orthopedic specialists from which Ms. Bradford may select one to evaluate and treat the work injury. Western Express also must reimburse Ms. Bradford for her mileage to authorized treatment in the amount of $124.20.

2. Western Express must pay Ms. Bradford temporary disability benefits totaling $61.71.

3. This case is referred to the Compliance Program for consideration of the imposition of a penalty regarding Western Express's failure to provide a panel.

4. A status hearing will take place on **July 26, 2021, at 9:30 a.m. Central Time.** The parties must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of issues without your participation.

5. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED May 11, 2021.**

_Kenneth M. Switzer_

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

Exhibits:
1. Notice of Filing Index of Records (Filed by Western Express)
   a. Affidavit of Judy Larson
   b. First Report of Work Injury
   c. Declaration of Kathy Ballinger
   d. Recorded Statement of Charisse Bradford
   e. Denial letter

f. Form C-23 Notice of Denial
g. Declaration of Robert Jordan, PA-C
h. Medical records-Concentra
i. Western Express Workers' Compensation Injury Report
j. Affidavit of Charisse Bradford
2. Additional medical records
3. C-32
4. X-ray reports

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Order Resetting Pretrial Hearing
5. Pre-Compensation Hearing Statement
6. Pretrial Hearing Order
7. Notice of Objection
8. Motion for Extension
9. Order Granting Extension
10. Employer's Brief

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on May 11, 2021.

| Name | Certified Mail | Regular Mail | Email | Service sent to: |
|------|------|------|------|------|
| Charisse Bradford, self-represented employee | X | X | X | Bradfordnonie313@gmail.com<br>905 N. Tennessee St., Apt. 24<br>Cartersville, GA  30120 |
| Drew Saulters, employer's counsel | | | X | dsaulters@ortalekelley.com<br>jarmstrong@ortalekelley.com |
| Compliance Program | | | | WCCompliance.Program@tn.gov |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

7



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*